## McConnel v. Dilworth, Appellant.

*Assignment—Attachment execution—Validity of assignment—Evidence.*
On a feigned issue to determine the validity of the assignment of certain shares of stock prior in date to an attachment, it is error for the court to refuse to permit the attaching creditors to show that in a prior attachment which had been dissolved by reason of the irregularity of the bond, the person claiming under the assignment had caused his attorneys to enter an appearance for the defendant in the execution, the assignor, and claim for him the benefit of the exemption laws. The jury might draw an inference from such testimony that the assignment was not valid, and that the defendant in the execution really owned the stock.

Argued May 16, 1901. Appeal, No. 99, April T., 1901, by defendant, from judgment of C. P. Beaver Co., June T., 1900, No. 140, on verdict for plaintiff in case of H. S. McConnel v. Dilworth. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Feigned issue to determine the ownership of certain stock of the New Brighton Building & Loan Association. Before WILSON, P. J.

At the trial it appeared that the plaintiff, H. S. McConnel claimed the stock by reason of an assignment dated February 15, 1900, from A. E. Waldon. The defendants claimed the stock by virtue of attachment execution issued and served on April 24, 1900. It appeared that on March 23, 1899, Dilworth brothers had issued an attachment execution and attached the stock in controversy. This attachment was dissolved for irregularity of bond.

Defendant's counsel offers in evidence the papers at No. 12, June term, 1899, for the purpose of showing that on March 2, 1900, after this assignment was made, Dr. McConnel, representing this man (Waldon), authorized Messrs. Buchanan & McConnel to represent him, and on March 2, they plead the exemption for this stock. If Dr. McConnel owned this stock, why were they in here pleading the exemption.

Defendant's counsel offers the record at No. 12, June term, 1899, to show that the attorneys who were employed by Dr. H. S. McConnell plead the exemption, $300, for A. E. Waldon, thereby admitting that this stock belonged to A. E. Waldon. This for the purpose of showing that this assignment was not bona fide.

Counsel for the plaintiff objects to the offer as incompetent, irrelevant and immaterial.

The Court: The attachment proceedings in which the exemption was pleaded were prior to the assignment under which the plaintiff claims in this case and date of issuance, and the fact that A. E. Waldon may have claimed the exemption, and having at the same time made an assignment to H. S. McConnel, would be no proof of the invalidity of the assignment, and proceedings subsequently begun by attachment. It brings in

116     McCONNEL *v.* DILWORTH, Appellant.

Statement of Facts—Opinion of the Court. [18 Pa. Superior Ct.

too many collateral matters. The objection is sustained and a bill of exceptions sealed to the defendant. [2]

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* among others were (2) rulings on evidence, quoting the bill of exceptions. (3) In giving binding instructions for plaintiff.

*D. A. Nelson,* for appellant.—It is well settled that it is error for the trial judge to withhold from the jury the determination of a material fact, although the evidence should warrant the finding of a fact as assumed by the court: Prindle & Co. v. Kountz Brothers Co., 15 Pa. Superior Ct. 258 ; Kelly v. McGehee et al., 137 Pa. 443.

It is also a well established principle that the credibility of witnesses cannot be taken from the jury. It is their duty to credit a witness. The mere manner of the witness may discredit him with the jury: Grambs v. Lynch, 4 Penny. 243 ; Kircher v. Sprenger, 4 Pa. Superior Ct. 38 ; Troxell v. Malin et al., 9 Pa. Superior Ct. 483.

*William A. McConnel,* with him *John M. Buchanan,* for appellee.

OPINION BY BEAVER, J., July 25, 1901 :

As was said by the trial judge in the court below, in admitting the testimony embraced in the offer, the admission of which constitutes the first assignment of error, the question involved is one of fact. It was a disputed fact. The stock in a building association, belonging to Waldon, was claimed by the plaintiff under an assignment and by the defendants under an attachment issued prior to the assignment. The attachment was dissolved and a second attachment issued which was subsequent to the date of the assignment. The validity of the assignment was, therefore, the vital question. As to the circumstances attending it, the plaintiff and Waldon who made it, both of whom were examined as witnesses, differed radically. Waldon, as between the parties to this issue, is disinterested.

Defendants offered to show that in the second attachment

the attorneys of the plaintiff claimed the benefit of the exemption law for Waldon, the plain inference from which would have been that the plaintiff had not full confidence in the validity of his assignment. The evidence contained in this offer, however, was, upon objection, ruled out. If this evidence had been admitted, there might have been such corroborating circumstances as would have enabled a jury to reach a satisfactory conclusion as to the validity of the assignment. The court directed the jury to find for the plaintiff. In this we think there was error. If the evidence contained in the offer which was refused, as complained of in the second assignment of error, had been received, there would have been sufficient evidence to carry the case to the jury.

There was no error in failing to answer the defendants' points. They assumed too much and their affirmance would have been as erroneous from the plaintiff's point of view as were the instructions to find for the plaintiff from the defendants'. The case, when the facts are all in evidence, being for the jury, the court erred in directing a verdict for the plaintiff. Judgment reversed and a new venire awarded.